# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ESPOSITO<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 2:18-12404 (WJM)<br>Crim. No. 2:17-108 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Petitioner Michael Esposito's 28 U.S.C. § 2255 motion seeking to set aside his conviction and sentence on grounds of ineffective assistance of counsel and having entered a guilty plea that was not knowing and voluntary. No oral argument was held. Fed. R. Civ. P. 78(b). For the reasons stated below, Esposito's motion is **DENIED**.

## I. BACKGROUND

### A. The Charged Crime

Esposito used investment funds solicited from victims arising out of a Ponzi scheme that involved purchasing and reselling consumer products. Crim Dkt. Compl. ¶¶ 1–3, ECF No. 1. Instead of investing the money to purchase products, Esposito used his victims' money for personal expenses and to pay off other investors for his own benefit. *Id.*

### B. Relevant Criminal Proceedings

Esposito pleaded guilty to a one-count Information charging him with wire fraud, in violation of 18 U.S.C. § 1343. Crim. Dkt., Plea Agreement, ECF No. 17. During the plea colloquy, Esposito asserted under oath that he understood the plea agreement's terms and stipulations, the wire fraud charge against him, and the possible sentence. Gov't Answer, Plea Hr'g Tr. 5–7, ECF No. 5-4. Esposito acknowledged and agreed that in signing the plea agreement: (1) he was satisfied with his counsel's representation, *id.* at 3:7–9, (2) he was not threatened or coerced to plead guilty, *id.* at 4:13–15, and (3) he knowingly, willfully, and intentionally engaged in a fraudulent scheme that caused victims to lose over $550,000. *Id.* at 13:18–24. The Court then found Esposito's plea to be knowing and voluntary. *Id.* at 14:17–15:3.

At sentencing, the Court addressed two outstanding Federal Sentencing Guidelines ("Guidelines") issues: (1) the loss amount and (2) whether Esposito's conduct warranted a

1

two-level "sophisticated means" sentencing enhancement. Gov't Answer, Sent. Hr'g Tr. 6, 11, ECF No. 5-5. The Court agreed with Esposito that the loss was less than $1,500,000, *id.* at 15:19–21, and accepted the parties' plea agreement stipulation that the two-level enhancement for sophisticated means did not apply, *id.* at 13:22–14:7. Thus, while the Government determined the applicable Guidelines range was 41 to 51 months, the Court found the applicable Guidelines range was 33 to 41 months. *Id.* at 14–15. The Court then sentenced Esposito to 39 months' imprisonment. *Id.* at 31:11–16. Esposito appealed neither his conviction or sentence.

### C. The 2255 Petition

Esposito argues his conviction and sentence should be set aside since he received ineffective assistance of counsel and his guilty plea was neither knowing nor voluntary. Specifically, Esposito contends his retained counsel: (1) failed to investigate facts as to the victim enhancement; (2) failed to demand a factual basis for his guilty plea; (3) failed to explain to him the consequences of pleading guilty; (4) was ignorant about the applicable sentencing law; (5) failed to file for full discovery; (6) was unprepared at sentencing; and (7) made no attempt to dismiss the indictment. Pet.'s Br. 2, ECF No. 1-1. The Government responds that Esposito's claims lack merit because he fails to satisfy his burden to show ineffective assistance of counsel. Gov't Answer 9, ECF No. 5.

## II. DISCUSSION

### A. Standard of Review under Section 2255

A prisoner in federal custody may "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A court must conduct "an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005) (quoting *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). It is court policy to give *pro se* habeas petitions a "liberal construction." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted).

### B. Ineffective Assistance of Counsel

To show ineffective assistance of counsel, Esposito must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, he must show that: (1) defense counsel's performance was objectively unreasonable, and (2) the deficient performance prejudiced the defense. *Id.* at 687–88; *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (finding *Strickland* test applies to challenges to guilty pleas). The Third Circuit has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (citing *Strickland*, 466 U.S. at

697) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")).

After reviewing the record evidence, including the parties' plea agreement and the transcripts from the plea and sentencing hearings, the Court finds the grounds Esposito asserts in his motion lack merit. Esposito has failed to show he suffered prejudice by any of the alleged errors of his counsel and thus cannot satisfy the *Strickland* test.

The circumstances in which Esposito's plea was entered, and his own sworn statements at the hearing, belie his claims that his plea was somehow involuntary. During the plea hearing, the Court set out the nature and basis of the charge to which Esposito was pleading guilty and the waiver of certain constitutional rights. Throughout the hearing, with counsel at his side, Esposito acknowledged he understood the consequences for pleading guilty. He answered a series of questions asked by the Government establishing a factual basis for his plea and gave no indication he lacked comprehension about the proceeding. And his plea agreement contained stipulations that the parties disagreed on the amount of loss but agreed the offense involved 10 or more victims that caused at least one person substantial financial hardship. Plea Agreement, Sch. A ¶¶ 5–6. Since he was fully informed at the time of the plea and there was a factual basis put on the record, the Court accepted Esposito's guilty plea as knowing and voluntary. Accordingly, the Court finds counsel's actions did not prejudice Esposito. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also United States v. Dickler*, 64 F.3d 818, 823 n. 7 (3d Cir. 1995) ("Sworn statements in a plea proceeding are conclusive unless the movant can demonstrate compelling reasons for questioning their truth.").

Esposito's challenges to the sentencing proceeding fares no better. Esposito suffered no prejudice when his attorney submitted the sentencing memorandum on the same day as sentencing. Before imposing sentence, the Court read and reviewed the Esposito's presentence memorandum. Sent. Hr'g Tr. at 4:8–10, 8:15–18. Esposito also cannot show prejudice when he claims his counsel remained ignorant of applicable sentencing law over the loss amount and failed to investigate the victim enhancement. As discussed above, the plea agreement contained stipulations that addressed these two issues. Plea Agreement, Sch. A ¶¶ 5–6. Besides, the Court's 39-month sentence reflected a finding of a loss amount of less than $1,500,000 and did not include the victim enhancement. Thus, Esposito cannot show how the alleged errors he attributes to counsel caused him to sustain any prejudice. *See United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

### C. Certificate of Appealability

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is not the case here. Esposito has failed to show that jurists could debate whether the petition

should have been resolved differently or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

### III. CONCLUSION

For the above-stated reasons, Esposito's Section 2255 motion is **DENIED**. The Court also denies Esposito's request for an evidentiary hearing because it is apparent from the arguments made and underlying criminal record that Esposito would not be entitled to any relief. *See Booth*, 432 F.3d at 546. No certificate of appealability shall issue. An appropriate order follows.

                                         */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: January 3, 2019**