# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ESPOSITO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 2:18-12404 (WJM)<br>Crim. No. 2:17-3434 (WJM)<br><br>**ORDER** |

Petitioner Michael Esposito, proceeding *pro se*, seeks reconsideration of this Court's January 3, 2019 Opinion and Order, ECF Nos. 7, 8, denying his petition to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. For the following reasons, the motion to reconsider is **DENIED**.

Petitioner pleaded guilty to wire fraud and the Court sentenced him to 39 months of imprisonment. *See* ECF No. 7 at 1–2. Petitioner filed no direct appeal to his conviction or sentence. In seeking reconsideration, Petitioner contends he is entitled to a new sentencing hearing because the Court wrongfully included a sentencing enhancement in its final sentence calculation. While the Opinion contained a typo, the Court finds Petitioner's argument unavailing and insufficient to warrant reconsideration.

Motions for reconsideration must be filed within 14 days after the entry of a court order or judgment. D.N.J. L. Civ. R. 7.1(i); *Smart v. Aramark Inc.*, 618 F. App'x 728, 730 n.3 (3d Cir. 2015) (per curiam). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted).

1

To prevail, a party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* at 415 (citation omitted).

Petitioner identities a sentence from the Court's Opinion that misstated one of the two Sentencing Guidelines issues discussed at his sentencing hearing; those being, the loss amount and the sophisticated means enhancement. The sentence reads: "Besides, the Court's 39-month sentence reflected a finding of a loss amount of less than $1,500,000 and did *not* include the victim enhancement." ECF No. 7 at 3. This is not accurate. As reflected in the Opinion, the Court found that the victim enhancement *did* apply because, as the parties stipulated to in the plea agreement, the offense involved 10 or more victims and resulted in the substantial financial hardship of at least one victim. *Id.* (citing Plea Agreement, Sch. A ¶¶ 5–6). What the Court also found, and as the parties agreed, was that the *sophisticated means* enhancement did not apply. *Id.* at 2 (citing Sentencing Hr'g Tr. 13:22–14:7). Thus, the Court will amend the Opinion to reflect the following change: "Besides, the Court's 39-month sentence reflected a finding of a loss amount of less than $1,500,000 and did not include the *sophisticated means* enhancement."

This correction does not alter the legal analysis and result of the Court's Opinion and Order. In all, Petitioner's motion fails to raise an issue overlooked by the Court and thus he has failed to satisfy his burden to warrant reconsideration.

For the foregoing reasons;

**IT IS** on this 19th day of February 2019, hereby,

**ORDERED** that Petitioner's motion for reconsideration is **DENIED** and no certificate of appealability shall issue.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**